UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LOUIS LEE FISHER,<br><br>Plaintiff,<br><br>v.<br><br>SMITH,<br><br>Defendant. | CAUSE NO. 3:24-CV-470-DRL-MGG |

OPINION AND ORDER

Louis Lee Fisher, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Fisher alleges that Sgt. Smith carried his property to a new cell and, when they arrived, Sgt. Smith threw the bag of property from the doorway to the bunk bed. When Mr. Fisher examined his items, he found that his television was broken. He is suing Sgt. Smith for the cost of the television and the cost of bringing this action.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law[.]" But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent

loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's Tort Claims Act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post-deprivation remedy to redress accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Thus, the complaint doesn't state a claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here because there are no facts Mr. Fisher could add which would allow him to state a claim for the loss of his property.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915A.

SO ORDERED.

June 11, 2024                              *s/ Damon R. Leichty*
                                           Judge, United States District Court